IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EMILY GILBY; TEXAS DEMOCRATIC
PARTY; DSCC; DCCC; and TERRELL
BLODGETT,

    *Plaintiffs*,

v.

RUTH HUGHS, in her official capacity as
the Texas Secretary of State,

    *Defendant*.

CIVIL ACTION NO. 1:19-cv-01063

## THE TEXAS SECRETARY OF STATE'S OPPOSED
## MOTION TO ABSTAIN OR POSTPONE

Seeking to overhaul the Texas election system, the Texas Democratic Party has filed seven lawsuits in the last six months.[1] In at least six of those cases, including this one, TDP is seeking relief prior to the November election. But now, TDP's cases are starting to interfere with each other.

Two days ago, a Texas state court decided that all Texans are eligible to vote by mail during the COVID-19 pandemic.[2] Granting a temporary injunction to TDP, Travis County District Judge Sulak broadly interpreted Texas law to make numerous previously ineligible voters eligible for mail-in ballots. *See* Tex. Elec. Code § 82.002(a) ("sickness or physical condition that prevents the voter from appearing at the polling place on election day"). That ruling, which the State plans to appeal, has

---

[1] *Gilby v. Hughs*, 1:19-cv-1063 (W.D. Tex. Oct. 30, 2019); *Miller v. Hughs*, 1:19-cv-1071 (W.D. Tex. Nov. 1, 2019); *Stringer v. Hughs*, 5:16-cv-257 (W.D. Tex. Dec. 20, 2019); *Tex. Democratic Party v. Hughs*, 5:20-cv-8 (W.D. Tex. Jan. 6, 2020); *Bruni v. Hughs*, 5:20-cv-35 (S.D. Tex. Mar. 5, 2020); *Tex. Democratic Party v. Abbott*, 5:20-cv-438 (W.D. Tex. Apr. 7, 2020); *Tex. Democratic Party v. DeBeauvior*, D-1-GN-20-001610 (Tex. Dist. [Travis] Mar. 20, 2019).

[2] Alexa Ura, *Texas Judge Will Issue Order That Could Greatly Expand Mail-In Voting*, TEXAS TRIBUNE (Apr. 15, 2020), https://www.texastribune.org/2020/04/15/texas-judge-will-issue-order-could-greatly-expand-mail-voting/.

significant consequences for Plaintiffs' claim here. Plaintiffs assert that Texas voters face unconstitutional burdens due to HB 1888's requirement that in-person early-voting locations remain open during the entire period of early voting.

As the Secretary has explained, "the Constitution does not include a freestanding right to vote in whatever manner Plaintiffs deem most convenient." ECF 21 at 15; *see McDonald v. Bd. of Election Comm'rs of Chi.*, 394 U.S. 802, 807 (1969) (distinguishing "the right to vote" from "a claimed right to receive absentee ballots"). To the extent Plaintiffs can vote by mail, they cannot complain about the supposed effect HB 1888 allegedly imposes on in-person early voting. *See* Mot. to. Dismiss Blodgett Compl. at 13, No. 1:19-cv-1154, ECF 5; ECF 35 at 5. At the very least, eligibility to vote by mail significantly affects "the character and magnitude of the asserted injury to the" right to vote. *Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (quotation omitted).

As a result, the state-court decision TDP secured two days ago has the potential to materially alter Plaintiffs' claims and this litigation. But much remains uncertain. Judge Sulak has not yet issued a written order, so the scope of the temporary injunction is not yet clear. An appeal of the court's order is certain, but no one knows whether Texas's appellate courts will uphold the injunction. That uncertainty highlights the risk of proceeding with this case. Because of the state-court order, and impending appeals, it is unclear which voters will be eligible to vote by mail in November.

## I.     The Court Should Abstain

In light of this uncertainty about a predicate question of state law, this Court should abstain under *Railroad Commission of Texas v. Pullman*, 312 U.S. 496 (1941).[3] "The *Pullman* case establishes two prerequisites for *Pullman* abstention: (1) there must be an unsettled issue of state law; and (2) there

---

[3] The Secretary continues to believe dismissal is appropriate for the reasons stated in her motions to dismiss, but if the Court is not inclined to grant those motions, it can abstain without ruling on them. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (noting a court can abstain under *Younger* before deciding subject-matter jurisdiction).

must be a possibility that the state law determination will moot or present in a different posture the federal constitutional questions raised." *Palmer v. Jackson*, 617 F.2d 424, 428 (5th Cir. 1980).

Here, there is significant uncertainty about eligibility to vote by mail under Texas law, and for the reasons explained above, broader eligibility would put Plaintiffs' claims "in a different posture." *Id.* Even if the state-court litigation "would not 'avoid in whole or in part the necessity for federal constitutional adjudication,' it might 'at least materially change the nature of the problem.'" *Id.* at 431 (quoting *Harrison v. NAACP*, 360 U.S. 167, 177 (1959)); *see also Moore v. Hosemann*, 591 F.3d 741, 745 (5th Cir. 2009) ("substantially modify the federal constitutional question"); *Brooks v. Walker Cty. Hosp. Dist.*, 688 F.2d 334, 338 (5th Cir. 1982) (abstaining because "clarification of" state law "may have a considerable impact on the posture and ultimate resolution of . . . federal issues").

That the statute in need of state-court clarification is not the statute being challenged in this case is immaterial. The two laws are related, and the scope of one affects the alleged burden imposed by the other. "[W]here the challenged statute is part of an integrated scheme of related constitutional provisions, statutes, and regulations, and where the scheme as a whole calls for clarifying interpretation by the state courts, we have regularly required the district courts to abstain." *Harris Cty. Comm'rs Court v. Moore*, 420 U.S. 77, 84 n.8 (1975).

COVID-19 has generated significant new issues for courts. Just three days ago, a federal court recognized the need for abstention in these extraordinary circumstances. Rather than decide federal constitutional questions, Judge Rosenthal abstained because "relevant state law is uncertain and will impact any argument in this court." *Russell v. Harris Cty.*, No. 4:19-cv-226, 2020 WL 1866835, at *13 (S.D. Tex. Apr. 14, 2020). "[D]elicate considerations of federalism and separation of powers support abstention in this complex, rapidly evolving situation." *Id.* The same reasoning applies here, especially considering that this Court is already cancelling proceedings and altering procedures. The Western District recently canceled all hearings and trials through May 31st, depositions are being conducted by

video, and all hearings have been conducted telephonically.

## II.     The Court Should Postpone Ruling on Plaintiffs' Claims

Alternatively, the Court should postpone setting a trial date until there is more certainty about how the November election will be conducted in light of TDP's other litigation. Even when abstention is inappropriate, a case can "be retained on the docket of the District Court pending final disposition of" state-court litigation. *Ann Arbor Tr. Co. v. N. Am. Co. for Life & Health Ins.*, 527 F.2d 526, 527 (6th Cir. 1975) (rejecting formal abstention but directing the district court to hold a case until "the five cases now pending in the State courts" are resolved).

"There is no problem if the federal court merely postpones decision for a time to await an opinion of the state court in an action already pending." 17A Wright & Miller, *Federal Practice & Procedure* § 4246 (3d ed.). This "court may easily await the pending decision of the" Texas courts. *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Cooperatives, Inc.*, 48 F.3d 294, 299 (8th Cir. 1995).

Postponement is prudent. As explained above, the availability of mail-in voting significantly affects Plaintiffs' claim that the supposed difficulty of voting in person will burden the right to vote. If the appellate courts agree with TDP and Judge Sulak, every Texan will be eligible to vote by mail. Such a ruling would render irrelevant evidence and analysis developed on the assumption that many Texans must cast their ballots in person. In these circumstances, proceeding to trial would be a waste of resources, both for the Court and the parties.

The Court has repeatedly emphasized that it has a busy docket with many cases requiring attention. There is no reason to expend judicial effort—at the expense of those other cases—to accommodate Plaintiffs efforts to fast-track this case when pending state-court litigation filed by the same plaintiff could substantially change the issues presented to the Court.

### CONCLUSION

Because TDP's pending state-court litigation significantly affects Plaintiffs' constitutional

claims here, the Court should decline to decide those constitutional claims until the state-court litigation is resolved.

Date: April 17, 2020

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

Respectfully submitted.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Associate Deputy for Special Litigation

MATTHEW H. FREDERICK
Deputy Solicitor General

WILLIAM T. THOMPSON
Special Counsel

ERIC A. HUDSON
Special Counsel

MICHAEL R. ABRAMS
Assistant Attorney General

DOMINIQUE G. STAFFORD
Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 936-0545
patrick.sweeten@oag.texas.gov
matthew.frederick@oag.texas.gov
will.thompson@oag.texas.gov
eric.hudson@oag.texas.gov
michael.abrams@oag.texas.gov
dominique.stafford@oag.texas.gov

COUNSEL FOR THE TEXAS SECRETARY OF STATE

## CERTIFICATE OF CONFERENCE

I certify that on April 16, 2020, I conferred with counsel for Plaintiffs about the foregoing motion and that Plaintiffs are opposed.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on April 17, 2020, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN