UNITED STAES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EMILY GLIBY, TEXAS DEMOCRATIC PARTY, DSCC, DCCC, AND TERRELL BLODGETT, <br>       PLAINTIFFS, <br><br> V. <br><br> RUTH HUGHS, IN HER OFFICIAL CAPACITY AS TEXAS SECRETARY OF STATE, <br>       DEFENDANT. | § § § § § § § § § § § § § Cause No. 1:190-cv-1063-LY |

**NON-PARTY HARRIS COUNTY REPUBLICAN PARTY MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO <u>PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION</u>**

TO THE HONORABLE COURT

**NOW COMES** the Harris County Republican Party, a non-party to this cause, and makes this Motion to Quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, herein after Subpoena, propounded on it by Plaintiffs and in support would show the following:

<u>MOTION TO QUASH PURSUANT TO FRCP 45(d)(3)(A)(i)</u>

1.     On a timely motion, the Court must quash or modify a subpoena that fails to allow a reasonable time to copy.  Fed. R. Civ. P. 45(d)(3)(A)(i).  In this case, Plaintiffs have given a non-party less than two weeks to comply with the eight-page Subpoena.

2.     Plaintiffs' Subpoena includes broad and complex definitions of people, documents, legislation considered by the Texas Legislature, and seeks voter data as far back as 2012.

3. The Harris County Republican Party, a stranger to this litigation, was served with the Subpoena on Saturday, April 4, 2020, and was commanded to comply with the subpoena by Friday, April 17, 2020.

4. Harris County Republican Party cannot reasonably conduct a thorough search of its records, including the hiring of the necessary technology consultants, within a less than two-week time frame.  Especially, during a time of national emergency whereby most people are following the guidelines of the Center for Disease Control to avoid the spread of the COVID-19 virus.

5. Harris County Republican Party is timely in making this Motion to Quash as it has made the motion on or before the compliance date of the Subpoena.

6. Accordingly, the Subpoena must be quashed or modified to allow Harris County Republican Party sufficient time to conduct a search and review the information it may possess to evaluate whether any privileges or objections are necessary.

## MOTION TO QUASH PURSUANT TO FRCP 45(d)(3)(A)(iv)

7. On a timely motion, the Court must quash or modify a subpoena that subjects the recipient to an undue burden.  Fed R. Civ. P. 45(d)(3)(A)(iv).  Moreover, Rule 45(d)(1) requires parties issuing a subpoena to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).

8. In order to comply with Plaintiffs' Subpoena, Harris County Republican Party would have to hire a third party to search each and every computer used by its staff for any of the documents or data, going back to 2012.

9. The subpoena seeks records from the Harris County Republican Party – a political organization which consists of hundreds of precinct chairs and the County Chair – and "committees, elected leaders, employees, staff, agents, witnesses, vendors, and/or consultants."

10. It would take enormous time and expenses – which we cannot now reasonably quantify – to conduct the necessary communications, searches, gathering, and review to comply with these requests, in the midst of the current COVID-19 lockdown, for a subpoena served 13 days before it demanded production in Austin.

11. There are easily over a thousand people covered by the Subpoena since it requests information as far back as 2012. In addition to paid staff, hundreds of volunteers have been directly involved in early voting in some way.

12. Additionally, while the Primary staff used some permanent Harris County Republican Party computers, those computers have been replaced over the years. Since 2014, when The Honorable Paul Simpson became Chairman, most Harris County Republican Party staff (and some Primary staff) used their own personal computers, smartphones, or tablets to conduct Harris County Republican Party business. Furthermore, many former employees and volunteers have moved elsewhere in the country, and email accounts have been cancelled or deactivated.

13. Suffice it to say, compliance with the Subpoena would require contacting hundreds of current and former employees, elected officials, vendors, consultants, and volunteers, to find potentially responsive materials and then to review and produce the requested materials. Even absent the COVID-19 lockdown, trying to gather the requested materials would take months, requiring contacting every person covered by the requests, and rummaging through countless hard-copy and electronic files and emails, trying to obtain and review for responsiveness and privilege all the requested documents and communications. This effort would consume the time

and energy of the currently limited staff who could work on this and be a significant distraction from the work they have to do for the Harris County Republican Party. That expense and distraction may be a goal of the Democrat Plaintiffs, but it is not appropriate to use this lawsuit to paralyze an opposing political party that is a non-party to the lawsuit.

14. Harris County Republican Party is timely in making this Motion to Quash as it has made the motion on or before the compliance date of the Subpoena.

15. Accordingly, the Subpoena must be quashed or modified to alleviate the undue burden on the Harris County Republican Party.

PRAYER FOR RELIEF

**WHEREFORE**, Harris County Republican Party, a non-party to this cause, respectfully requests the Court:

(a) Quash the Subpoena propounded on Saturday, April 4, 2020; or

(b) Modify the Subpoena to allow for sufficient time to comply and alleviate the undue burden placed on the Harris County Republican Party.

Dated: April 17, 2020                                   Respectfully submitted,

 */s/ James E. Trainor, III*
James E. "Trey" Trainor, III
TX State Bar No. 24042052
TRAINOR LAW FIRM, P.C.
4301 W. William Cannon Dr.,
Suite B150-513
Austin, TX 78749
Telephone: (512) 924-6501
Email: trey@trainorlawtx.com

Joseph M. Nixon
TX Bar No. 15244800
NIXON LAW FIRM, P.C.
6363 Woodway Dr., Suite 800
Houston, TX 77057
Telephone: (713) 550-7535
Email: joe@nixonlawtx.com