IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EMILY GILBY; TEXAS DEMOCRATIC PARTY; DSCC; DCCC; and TERRELL BLODGETT, <br><br> *Plaintiffs*, <br><br> v. <br><br> RUTH HUGHS, in her official capacity as the Texas Secretary of State, <br><br> *Defendant*. | CIVIL ACTION NO. 1:19-cv-01063 |

**THE TEXAS SECRETARY OF STATE'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HER MOTION TO DISMISS**

Yesterday, the U.S. District Court for the Southern District of Texas granted Secretary Hughs's motion to dismiss *Bruni v. Hughs*,[1] a lawsuit challenging the repeal of the one-punch, straight ticket voting ("STV") option in Texas elections. *See* Ex. A. The court dismissed that case because the plaintiffs—who included the Texas Democratic Party, DSCC, and DCCC—lacked standing to challenge the repeal. Judge Marmolejo's reasoning applies with equal force in this case.

Judge Marmolejo found that the plaintiffs in *Bruni* lacked standing because their alleged injuries were too attenuated and uncertain, and if those injuries occurred at all, they resulted from the decisions of parties not in front of the court. *Id.* at 2. The plaintiffs' alleged injuries relied on "numerous suppositions" of how voters would respond to HB 25, the bill that repealed the STV option. *Id.* Additionally, Judge Marmolejo found that the plaintiffs' arguments improperly "assume[d] 'local officials will not use their state-law authority to ameliorate'" any of the effects alleged by the plaintiffs. *Id.* at 11 (citing to and adopting Secretary Hughs's argument in her motion to dismiss). And even

---

[1] Civil Action No. 5:20-cv-35

1

setting the uncertainty of the plaintiffs' allegations aside, their case would have failed still because the plaintiffs' "injuries hinge[d] on decisions of third parties who are not before the Court." *Id.* at 13 (citing *High v. Karbhari*, 774 F. App'x 180, 183 (5th Cir. 2019)).

So too here. Plaintiffs do not know how county election officials are going to respond to HB 1888. For example, those officials may decide to convert every part-time early voting location into a full-time early voting location. Indeed, evidence cited by Plaintiffs' own complaint shows that some intend to do exactly that. *See* ECF 21 at 8. Similarly, Plaintiffs themselves even acknowledge that some counties may decide to keep fewer polling places open for more time. *Id.* at 8–9. But Plaintiffs can only speculate about whether that will occur in any particular county, which particular polling places may be open for longer, and how that will affect any individual voter. Thus, as did their allegations in *Bruni*, Plaintiffs' alleged injuries in this case require "numerous suppositions" and are not "concrete, particularized, and actual or imminent." Ex. A at 2, 7.

Likewise, Plaintiffs' claimed injuries "hinge on the decisions" of county election officials, who are not before this Court. Even prior to HB 1888, there was no guarantee that a county would put a polling place in any particular location. There was no guarantee that counties would keep polling places consistent from one election to the next. And there was no guarantee that counties would provide any part-time early voting locations anywhere, let alone in every one of the locations used during the prior election. Where counties decide to place early voting locations—before or after HB 1888—is a decision for the counties, "third parties who are not before the Court." Ex. A at 13.

In Secretary Hughs's pending motion to dismiss this case, she argues that "[s]peculation about the decision of local officials not before the Court cannot establish an injury in fact." ECF 21 at 11 (citing *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 398 (2013)). Citing that same case, Judge Marmolejo agreed, finding that "Plaintiffs' injuries rest on numerous suppositions that are uncertain to occur and that the occurrence of Plaintiffs' injuries depends on decisions of third parties who are not before the Court, [so] Plaintiffs' injuries are not certainly impending and fail to satisfy Article III."

2

Ex. A at 2. The same is true with Plaintiffs' alleged injuries in this case. Therefore, they lack standing to challenge HB 1888.

| | |
|---|---|
| Date: June 25, 2020 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | /s/ *Patrick K. Sweeten*<br>PATRICK K. SWEETEN<br>Associate Deputy for Special Litigation |
| JEFFREY C. MATEER<br>First Assistant Attorney General | TODD LAWRENCE DISHER<br>Deputy Chief, Special Litigation Unit |
| RYAN L. BANGERT<br>Deputy First Assistant Attorney General | MATTHEW H. FREDERICK<br>Deputy Solicitor General |
| | WILLIAM T. THOMPSON<br>Special Counsel |
| | ERIC A. HUDSON<br>Special Counsel |
| | KATHLEEN T. HUNKER<br>Special Counsel |
| | MICHAEL R. ABRAMS<br>Assistant Attorney General |
| | DOMINIQUE G. STAFFORD<br>Assistant Attorney General |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1414<br>Fax: (512) 936-0545<br>patrick.sweeten@oag.texas.gov<br>todd.disher@oag.texas.gov<br>matthew.frederick@oag.texas.gov<br>will.thompson@oag.texas.gov<br>eric.hudson@oag.texas.gov<br>kathleen.hunker@oag.texas.gov<br>michael.abrams@oag.texas.gov<br>dominique.stafford@oag.texas.gov |
| | **COUNSEL FOR THE TEXAS SECRETARY OF STATE** |

3

## CERTIFICATE OF SERVICE

    I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on June 25, 2020, and that all counsel of record were served by CM/ECF.

                                  */s/ Patrick K. Sweeten*
                                  PATRICK K. SWEETEN