**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| EMILY GILBY; TEXAS DEMOCRATIC PARTY; DSCC; DCCC, AND TERRELL BLODGETT, | Civil Action |
| Plaintiffs, | |
| v. | Case No. 1:19-cv-01063 |
| RUTH HUGHS, in her official capacity as the Texas Secretary of State, | |
| Defendant. | |

**PLAINTIFFS' MOTION TO DETERMINE CASE BY PAPERS OR, IN THE ALTERNATIVE, FOR A REMOTE TRIAL**

This case presents a constitutional challenge to legislation restricting the Secretary from allowing county officials to utilize certain mobile voting locations throughout Texas, a challenge made all the more urgent in light of the global pandemic sweeping the nation. The dispute requires resolution well in advance of the November election in order for Plaintiffs (and Texas voters more generally) to be afforded meaningful relief.[1]

When the parties last conferred with the Court, the Court directed the parties to complete discovery by the end of May, with the parties hoping for an in-person trial as early as late June or July. Although discovery is now largely complete (pending resolution of two outstanding motions to compel), the global coronavirus pandemic is most assuredly not. Indeed, Texas is one of a handful of states that have seen a dramatic spike in new cases, with explosive surges in

---

[1] The Travis County elections administrator testified that she submits polling place recommendations to Travis County Commissioners' Court for approval 30 to 40 days before the election. Ex. A, Dep. Tr. of Dana DeBeauvoir, Travis County Elections Administrator, at 34:18-24. She begins evaluating sites before that time. *See* Decl. of Dana DeBeauvoir, ECF No. 29-3, at ¶ 8.

hospitalizations[2] causing health officials to be alarmed[3], cities and counties including Austin to order the use of face masks when social distancing is not possible[4], and the City of Austin to extend its stay at home order until at least August 15, 2020.[5] Indeed, on June 23, Governor Abbott urged Texans to take precautions and stay home,[6] echoing the Texas Department of State Health Services' tweet on June 17 encouraging the public to "[s]tay home when possible" because "[n]ew cases and hospitalizations are rising. There is an increased risk of getting #COVID19."[7] Consistent with the ongoing crisis and the increasing number of cases in Travis County, on June 18, 2020, the Western District issued its "Supplemental Order Regarding Court Operations under the Exigent Circumstances created by the COVID-19 Pandemic" ("COVID-19 Order"). The COVID-19 Order continued all trials (including bench trials) until after July 31, 2020. Accordingly, in light of this

---

[2] Berkley Lovelace Jr. & Noah Higgins-Dunn, *Texas coronavirus hospitalizations surge 11% in a single day*, CNBC (June 17, 2020), https://www.cnbc.com/2020/06/17/texas-coronavirus-hospitalizations-surge-11percent-in-a-single-day.html.

[3] Bob Garcia-Buckalew, *Austin-Travis County health officials alarmed at growing number of COVID-19 hospitalizations*, KVUE-TV (June 15, 2020), https://www.kvue.com/article/news/health/coronavirus/covid19-austin-travis-county-hospitalizations-increase-coronavirus/269-38992cb8-ce81-4ebb-a212-b9c3c4b5b2ff.

[4] Marisa Charpentier*, With Abbott's Green Light, Austin To Require Businesses To Enforce Mask Rules*, KUT (June 17, 2020), https://www.kut.org/post/abbotts-green-light-austin-require-businesses-enforce-mask-rules; Valeria Olivares, *Bexar and Hidalgo counties require face masks in businesses as coronavirus surges. Other Texas leaders consider similar measures*, Texas Tribune (June 17, 2020), https://www.texastribune.org/2020/06/17/bexar-county-mask-order-coronavirus/.

[5] City of Austin, Stay Home Order Information, https://austintexas.gov/department/covid-19-information/stay-home-order#:~:text=The%20Public%20Health%20Order%20asks,travel%20to%20and%20from%20work. (last visited June 23, 2020).

[6] Jeremy Blackman, *Gov. Abbott warns of record-breaking 5,000 new COVID-19 infections for Texas*, Houston Chronicle (June 23, 2020), https://www.houstonchronicle.com/politics/texas/article/gov-abbott-warns-5000-coronavirus-cases-new-record-15360565.php

[7] Texas DSHS (@Texas DSHS), Twitter (June 17, 2020, 5:12PM), https://twitter.com/TexasDSHS/status/1273362922132180995?ref_src=twsrc%5Etfw.

Order, the press of time, and the increasing threat posed by the COVID-19 pandemic, Plaintiffs respectfully request that the Court determine the merits of this case on the papers with telephonic or video oral argument, without the presentation of live witnesses (either as a trial setting or as a preliminary injunction motion with a consolidated trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2)). To the extent live testimony is necessary, which seems doubtful, Plaintiffs respectfully request that such testimony be facilitated remotely by video. In either event, Plaintiffs request that the remote hearing or trial be set no later than August 14.

Plaintiffs have conferred with the Secretary and the Secretary opposes this motion. Given the need for a resolution in sufficient time to implement a meaningful remedy by the November election, Plaintiffs respectfully request that the Court require the Secretary to file any opposition to this request on an expedited basis.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this case on October 30, 2019, well before the COVID-19 global pandemic was a reality for the United States.[8] Because the parties agreed to expedited discovery and anticipated a trial shortly thereafter, Plaintiffs did not file a motion for preliminary injunction. The initial case schedule established a discovery cut-off of May 1, 2020, with a status conference set for March 25, 2020, which was originally intended to determine the trial date. During that status conference and one held on April 6, 2020, the Court and the parties acknowledged the pandemic but, at the time, believed an in-person trial would still be possible in the summer of 2020, although a specific date was not set. The parties also extended the discovery cut-off to June 1 and proceeded to complete all remaining depositions remotely.

---

[8] On December 30, 2019, the Court granted Defendant's Unopposed Motion to Consolidate Cases, thereby consolidating the above-captioned matter with the case at *Blodgett, et al. v. Hughs*, Case No. 1:19-CV-1154-LY. *See* Order Granting Motion to Consolidate, ECF No. 31.

As the Secretary acknowledges in a recent filing, discovery in this case was comprehensive. *See* Defendant's Opposition to Plaintiffs' Motion to Compel, ECF No. 88, at 7 (noting the number of depositions held, discovery responses, and documents produced in this case). During the course of discovery, 17 depositions were taken, including of 3 experts, the parties, and all witnesses the parties identified on their witness disclosure lists. Discovery is now complete with the exception of two pending motions to compel filed by Plaintiffs, one on March 2, 2020, against a group of legislators, *see generally* Plaintiffs' Motion to Compel, ECF No. 41, and another on June 8, 2020, against the Secretary, which would require the production of additional documents and the continuation of the Rule 30(b)(6) deposition of the Secretary, s*ee generally* Plaintiffs' Motion to Compel, ECF No. 82.[9]

Unfortunately, the COVID-19 pandemic is far from complete, and in-person bench trials are continued until after July 31, 2020, with the possibility of further extension. Austin and Travis County have seen a significant spike in new COVID-19 cases in the last two weeks. Data from the Texas Department of State Health Services indicate that between June 1 and June 15, Austin has seen a *90% increase* in COVID-19 cases while tests for COVID-19 have only increased by 18% since June 1.[10] Moreover, on June 16, "Austin Public Health officials announced the City of Austin hit Stage 4 of its risk-based guidelines over the weekend after a spike in hospitalizations. In response, Austin and Travis County leaders announced on Monday they would extend Stay-at-

---

[9] Plaintiffs respectfully request a decision on these motions on an expedited basis and, if the Court grants either motion, the opportunity to complete discovery and provide supplemental briefing before a hearing.

[10] Texas Department of State and Health Services, Texas COVID-19 Data, https://www.dshs.texas.gov/coronavirus/additionaldata/ (last visited June 17, 2020); *see also* Bob Garcia-Buckalew, *supra* note 3.

Home orders for another month."[11] That same day, Texas reported its "largest one-day increase[] in new cases yet."[12]

## II.    ARGUMENT

In light of the need for expedited resolution of this case balanced against the pandemic and rate of new COVID-19 cases in Austin, Plaintiffs request that this matter be set for trial with testimony presented by deposition transcript, affidavit, or declaration and argument by counsel appearing telephonically or by video service, such as Zoom or Webex. Alternatively, Plaintiffs are prepared to move for preliminary and permanent injunction pursuant to Rule 65(a)(2), with witness testimony similarly presented by affidavit, declaration, or deposition transcript and counsel appearing telephonically or by video conference. As noted above, each party has had an opportunity to depose the other side's experts and witnesses on the issues in this case, and therefore will suffer little prejudice from this approach.[13]

This approach is consistent with the COVID-19 Order recently re-issued by the Western District of Texas on June 18, 2020, as well as the Court's own inherent authority to manage cases. The Order encourages parties to seek participation in hearings and conferences by telephone or video. COVID-19 Order ¶ 4. This approach also maximizes the safety of the Court and its employees, the parties, party representatives, experts, witnesses, and counsel, many of whom

---

[11] Candy Rodriguez, *Austin-Travis County's Stay-at-Home Order Extended as Texas Continues to Reopen*, KXAN (June 16, 2020), https://www.kxan.com/news/coronavirus/austin-travis-countys-stay-at-home-order-extended-as-texas-continues-to-reopen/.
[12] *Coronavirus Live Updates: Florida, Texas and Arizona All Set Records for the Most Cases They Have Reported in a Single Day*, THE NEW YORK TIMES (June 16, 2020) https://www.nytimes.com/2020/06/16/world/coronavirus-live-updates.html?action=click&module=Top%20Stories&pgtype=Homepage.
[13] If, however, a remote trial were to be held, Plaintiffs are able and willing to support the Court with any technological needs in order to facilitate doing so.

would need to travel to Austin by plane from out of town at significant risk to their health and safety.

Because of the need for expedited resolution of this case, Plaintiffs respectfully request that briefing occur on an expedited schedule, with Plaintiffs filing their trial brief or motion by July 3, the Secretary filing a response by July 17, and Plaintiffs filing a reply by July 31, with argument set thereafter and by August 14 if possible.

Dated:  June 25, 2020                                  Respectfully submitted,

                                                       /s/ *John M. Geise*
                                                       John M. Geise

                                                       John Hardin
                                                       TX State Bar No. 24012784
                                                       PERKINS COIE LLP
                                                       500 N. Akard St., Suite 3300
                                                       Dallas, TX 75201
                                                       Telephone: (214) 965-7743
                                                       Facsimile: (214) 965-7793
                                                       JohnHardin@perkinscoie.com

                                                       Marc E. Elias*
                                                       John M. Geise*
                                                       Alexi M. Velez*
                                                       Jyoti Jasrasaria*
                                                       PERKINS COIE LLP
                                                       700 Thirteenth St., N.W., Suite 600
                                                       Washington, D.C. 20005-3960
                                                       Telephone: (202) 654-6200
                                                       Facsimile: (202) 654-9959
                                                       melias@perkinscoie.com
                                                       jgeise@perkinscoie.com
                                                       avelez@perkinscoie.com
                                                       jjasrasaria@perkinscoie.com

                                                       Kevin J. Hamilton*
                                                       Amanda J. Beane*
                                                       PERKINS COIE LLP
                                                       1201 Third Avenue, Suite 4900
                                                       Seattle, WA 98101-3099

Telephone: (206) 359-8000
Facsimile: (206) 359-9000
khamilton@perkinscoie.com
abeane@perkinscoie.com

*Counsel for the Plaintiffs*

Chad W. Dunn
TX State Bar No. 24036507
Brazil & Dunn, LLP
4407 Bee Caves Road, Suite 111
Austin, Texas 78746
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com

*Counsel for Plaintiff Texas Democratic Party*

*\* Admitted Pro Hac Vice*

/s/ Renea Hicks_____
Renea Hicks
Attorney at Law
Texas Bar No. 09580400
LAW OFFICE OF MAX RENEA HICKS
P.O. Box 303187
Austin, Texas 78703-0504
(512) 480-8231
fax (512) 480-9105
rhicks@renea-hicks.com

/s/ Michael Siegel_____
Michael Siegel, Esq.
P.O. Box 2409
Austin, TX 78701
(737) 615-9044
siegellawatx@gmail.com

*Attorneys For Plaintiff Terrell Blodgett*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2020, I electronically served the foregoing Motion

via ECF on all counsel of record.

/s/ *John M. Geise*
John M. Geise