IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2020 JUL 10 PM 1:20
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
      DEPUTY

| | |
|---|---|
| EMILY GILBY; TEXAS DEMOCRATIC PARTY; DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE; DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE; AND TERRELL BLODGETT,<br>PLAINTIFFS,<br><br>V.<br><br>RUTH HUGHS IN HER OFFICIAL CAPACITY AS THE TEXAS SECRETARY OF STATE,<br>DEFENDANT. | §§§§§§§§§§§§§§§ CAUSE NO. 1:19-cv-01063-LY |

## ORDER

Before the court in the above-styled cause of action are Plaintiffs Emily Gilby, Texas Democratic Party Democratic Senatorial Campaign Committee, Democratic Congressional Campaign Committee, and Terrell Blodgett's Motion to Compel Production of Documents and Continue the Rule 30(b)(6) Deposition of Defendant Texas Secretary of State Ruth Hughs filed June 8, 2020 (Doc. #82); Defendant Ruth Hughs Response to Plantiffs' Motion to Compel filed June 12, 2020 (Doc. #88);[1] and Plaintiffs' reply filed June 19, 2020 (Doc. # 89). Having carefully considered the motion, response, reply, and the applicable law, the court will grant the motion to compel for the reasons to follow.

---

[1] Throughout this order, Plaintiffs Emily Gilby, Texas Democratic Party Democratic Senatorial Campaign Committee, Democratic Congressional Campaign Committee, and Terrell Blodgett will be collectively referred to as "Plaintiffs," and Defendant Ruth Hughs as the "Secretary."

## I. Factual Background

The Secretary produced hundreds of documents that were later sequestered based on legislative privilege, deliberative-process privilege, or both. The sequestration resulted from questions asked of the Secretary's witness, Keith Ingram, during his deposition.[2] When Plaintiffs questioned Ingram regarding the documents, Ingram was instructed by counsel not to answer because the referenced documents were inadvertently produced and subject to privilege. Plaintiffs move to compel the Secretary to produce the documents and continue the deposition of Ingram.

## II. Relevance

Plaintiffs contend that the information at issue here is relevant and critical to Plaintiffs' case in part because the discussions "are relevant to establishing the burden on Plaintiffs' right to vote, the legitimacy of the state's interests and—since many of the documents appear to include discussions with the legislature—the question of whether the legislature's purported intent for passing H.B. 1888 was mere pretext."

The Secretary responds that "the information . . . is tangential to this litigation . . . and will not further the Court's or the parties' stated goal of bringing this case to a conclusion at trial," and that "Plaintiffs make no attempt to explain why confidential communications in a case concerning passage of legislation requiring uniform ballot access should extend beyond the disclosures required in other statutory challenges involving claims of unconstitutional motivation or purpose."

---

[2] The documents were originally produced on May 8 and May 27, 2020. Ingram's deposition took place on May 29. The documents were sequestered and added to a privilege log on June 2.

The court concludes that the documents and deposition sought by the Plaintiffs are relevant to Plaintiffs' case. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). The only remaining dispute is whether the documents are entitled to privilege.

### III. Legislative Privilege

Legislative privilege is an evidentiary privilege "governed by federal common law, as applied through Rule 501 of the Federal Rules of Evidence." *Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (quoting *Perez v. Perry*, No. SA-11-CV-360-OLG-JES, 2014 WL 106927, at *1 (W.D. Tex. Jan. 8, 2014)). Although the common-law legislative immunity for state legislators is absolute, the legislative privilege for state lawmakers is qualified. *Id.* (quotations omitted); *see e.g. Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977) ("The legislative or administrative history may be highly relevant, especially where there are contemporary statements by members of the decisionmaking body, minutes of its meetings, or reports. In some extraordinary instances the members might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege.").

Legislative privilege is strictly construed and accepted only to the limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth. *Jefferson Cmty.*, 849 F.3d at 624. Legislative privilege protects legislators from possible prosecution by an unfriendly executive and conviction by a hostile judiciary, and is one means for ensuring the independence of the legislature, *United States v. Johnson*, 383 U.S. 169, 179 (1966), in other

3

words, it serves to preserve the constitutional structure of separate, coequal, and independent branches of government, *see United States v. Helstoski*, 442 U.S. 477, 491 (1979).

Legislative privilege is a personal one and may be waived or asserted by each individual legislator. *Perez*, 2014 WL 106927, at *1. A legislator cannot assert or waive the privilege on behalf of another legislator and "neither the Governor, nor the Secretary of State or the State of Texas has standing to assert the legislative privilege on behalf of any legislator or staff member that may be deposed." *Id*; *see e.g. Gravel v. U. S.*, 408 U.S. 606, 625 (1972) ("Members of Congress are constantly in touch with the Executive Branch of the Government and with administrative agencies—they may cajole, and exhort with respect to the administration of a federal statute—but such conduct, though generally done, is not protected legislative activity."). To the extent that legislators or legislative staff communicated with any outsider (e.g. non-legislators, non-legislative staff) any legislative privilege is waived as to the contents of those specific communications. *Perez*, 2014 WL 106927, at *2.

The Secretary does not have standing to invoke legislative privilege. Therefore, the court will grant Plaintiffs' motion to compel regarding documents withheld on the grounds of legislative privilege.

## IV. Deliberative Process Privilege

"The deliberative process privilege . . . is encompassed within the executive privilege," *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 481 (2d Cir. 1999) (internal quotations omitted), and protects the "decision making processes of government agencies, reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975) (citations

and quotations omitted). Deliberative-process privilege is predicated on the recognition "that the quality of administrative decision-making would be seriously undermined if agencies were forced to operate in a fishbowl." *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 773 (D.C. Cir. 1988) (en banc). "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news," and its object is to "enhance the quality of agency decisions, by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001) (citations and quotations omitted).

Deliberative-process privilege protects candid discussions within the executive branch needed for optimum administrative decision making. This rationale does not support privilege for communications where the agency is not the decision maker and the separation of powers veil has been pierced. At issue here is not the internal decision-making processes of the executive branch, but instead a part of the legislative process. Therefore, the Secretary is not entitled to traditional deliberative-process privilege.

The Secretary asks the court to expand deliberative-process privilege to protect "legislators['] need [for] flexibility to obtain candid input about pending legislation from the Executive Branch that will ultimately enforce, implement, or provide interpretations of law." However, this contention is inconsistent with the purposes of both legislative privilege and deliberative-process privilege. *See Helstoski*, 442 U.S. at 491 (legislative privilege protects legislators from intimidation by the executive and judicial branches); *Klamath*, 532 U.S. at 8–9 (deliberative-process privilege protects candor in agency decision making). The Secretary's

interpretation of deliberative-process privilege would, if granted, privilege of all communications between legislators and outsiders from cradle to grave. Communications received by the Secretary from legislators looking to obtain guidance in formulating legislation are not meaningfully different from communications received by constituents from legislators or communications received by lobbyists, think-tanks, or any outsider. The court declines to expand the deliberative-process privilege in such a manner.

The Secretary conflates legislative privilege and deliberative-process privilege in her argument that *Texas v. Holder*, supports the re-interpretation of deliberative-process privilege. No. 12-128, 2012 WL 13070060, at *4 (D.D.C. June 5, 2012). The court need not address whether legislative privilege applies to a legislator's request for information from a State agency regarding pending legislation because the Secretary has no standing to assert legislative privilege. Therefore, the court will grant Plaintiffs' motion to compel regarding the documents withheld on the grounds of deliberative-process privilege.

## V. Conclusion

The Secretary has not satisfied her burden to show that privilege applies to relevant documents under Fed. R. Civ. P. 26. Therefore,

**IT IS ORDERED** that Plaintiffs Motion to Compel Production of Documents and Continue the Rule 30(b)(6) Deposition of Defendant Texas Secretary of State Ruth Hughs filed June 8, 2020 (Doc. #82) is **GRANTED**. Plaintiffs are entitled to production responsive to their request as follows:

(1) Production of documents withheld based on legislative privilege.

(2) Production of documents withheld based on deliberative-process privilege.

(3) Continuation of the deposition of the Secretary's witness to question him regarding the subject matter of the withheld documents under (1) and (2) above.

SIGNED this _10th_ day of July, 2020.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE