IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EMILY GILBY; TEXAS DEMOCRATIC PARTY; DSCC; DCCC; and TERRELL BLODGETT,<br><br>*Plaintiffs*,<br><br>v.<br><br>RUTH HUGHS, in her official capacity as the Texas Secretary of State,<br><br>*Defendant*. | CIVIL ACTION NO. 1:19-cv-01063 |

**THE TEXAS SECRETARY OF STATE'S OPPOSED MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION OR CLARIFICATION**

In granting Plaintiffs' motion to compel, the Court affirmed the applicability of the legislative privilege but ruled that only legislators have standing to assert legislative privilege. However, many of the legislators whose communications are implicated by the over 500 documents withheld by the Secretary of State have in fact invoked legislative privilege in this very litigation. Additionally, Secretary Hughs does not conflate legislative privilege with its assertions of deliberative process privilege, as her response to Plaintiffs' motion to compel cited to a later opinion from the *Texas v. Holder* case than the one referenced by the Court in its Order on that point. Therefore, Secretary Hughs respectfully requests that the Court reconsider its Order as to those documents in the possession of the Secretary of State. *See* ECF 96. In the alternative, Secretary Hughs requests that the Court clarify which documents she must produce.

**BACKGROUND**

During the course of discovery, Secretary Hughs produced tens of thousands of pages of documents to Plaintiffs. The Secretary withheld from production a small number of documents,

totaling approximately 500, and provided Plaintiffs a privilege log that asserted legislative privilege and the deliberative process privilege. Those assertions of privilege were based on established precedent, including a decision from a unanimous three-judge panel of the United States District Court for the District of Columbia in a case involving the State of Texas. *Texas v. Holder*, No. 12-128, 2012 WL 13070060, at *4 (D.D.C. June 5, 2012) ("*Texas v. Holder I*") (Ex. 1). Writing for the unanimous court, Judge Tatel held that a "legislator's request for information to a State agency regarding pending legislation is subject to the legislative privilege and need not be produced." *Id.* Indeed, in an order issued two days later, the unanimous three-judge panel expressly rejected the argument that the "legislative privilege has no application to documents in the possession of executive agencies." *Texas v. Holder*, No. 12-128, 2012 WL 13070113, at *1 (D.D.C. June 7, 2012) ("*Texas v. Holder II*") (Ex. 2).

In this case, Plaintiffs filed a motion to compel that did not contest the existence of legislative privilege. ECF 82. Instead, they argued the documents at issue were "relevant and critical" and that the Secretary had "no standing to assert the legislative privilege." *Id.* at 3, 4.

The Court issued its Order on July 10, 2020. ECF 96. After confirming that legislative privilege extends to Texas Legislators and their staff, the Court ruled that it "need not address whether legislative privilege applies to a legislator's request for information from a State agency regarding pending legislation because the Secretary has no standing to assert legislative privilege." *Id.* at 6. That holding disposed of Secretary Hughs's claims of both legislative privilege and deliberative process privilege. *Id.* at 4, 6. And that holding vitiated the need for any further analysis by the Court.

**ARGUMENT**

Secretary Hughs seeks reconsideration or clarification of the Court's order for two reasons.

**1.**  Within the subset of documents withheld by the Secretary are communications from legislative offices seeking information from the Secretary of State about pending legislation. And while the Court has ruled that the privilege is personal to the legislator and not Secretary Hughs, requiring

the production of privileged materials held by Secretary Hughs would violate the privilege as it applies to "legislator's request for information to a state agency regarding pending legislation." *Texas v. Holder I,* 2012 WL 13070060, at *4 (Ex. 1). In fact, in the same way that an attorney can withhold documents in his or her position based on the attorney-client privilege personal to the client, an agency responding to a legislator's request must be allowed to withhold documents on behalf of the legislator. The Court acknowledged that only the legislator may waive the privilege. But requiring Secretary Hughs to produce the documents would effectively destroy a privilege that the holder has not waived.

Moreover, many of the legislators whose communications are implicated by Plaintiffs' requests have already invoked legislative privilege on communications related to HB 1888 in this litigation. *See* ECF 43. Those legislators include Representative Bonnen and Senator Huffman who were either deposed or received document subpoenas during the discovery period.[1] Without a doubt, these legislators have standing to assert legislative privilege and have already done so in this litigation. Further, correspondence from other legislators who have not previously been subpoenaed in this case and may wish to assert legislative privilege as to those documents are part of the subset of unproduced materials impacted by this Courts' order. Thus, even if Secretary Hughs does not have standing, must she still produce documents in the face of an invocation of legislative privilege by the legislator? The answer must be no.

The order in *Perez v. Perry,* No. SA-11-CV-360, 2014 WL 106927, at *1 (W.D. Tex. Jan. 8, 2014), does not support a different conclusion because it did not address the same question that is now before the Court. There, the court addressed a blanket assertion of legislative privilege by Texas to prevent the deposition of any legislator before the depositions even began. *Id.* The court ordered

---

[1] Counsel for the Secretary has also reached out to Representative Goldman and Representative Guillen. Representative Goldman has asserted the legislative privilege. At the time of filing, it was unclear whether Representative Guillen wished to assert the legislative privilege.

3

that the depositions could proceed, but it safeguarded the legislative privilege by instructing that legislators could invoke the privilege in response to specific questions. *Id.*

In this case, the specific questions have been asked. Secretary Hughs knows which documents are responsive to Plaintiffs' requests for production, and she has withheld the documents that would otherwise waive those legislators' privilege. Secretary Hughs should not be required to produce those documents. In the alternative, the Court should allow those individual legislators the opportunity to assert legislative privilege over the documents in Secretary Hughs's possession.

**2.** As for Secretary Hughs's claim of deliberative process privilege, Secretary Hughs cited the June 7, 2012 order from the three-judge panel in *Texas v. Holder II* in support of her assertion. *See* ECF 88 at 4–5 (citing *Texas v. Holder II*, 2012 WL 13070113, at *2 (Ex. 2)). This is a different order than the June 5, 2012 order that this Court distinguished on this point in its Order granting Plaintiffs' motion to compel. *See* ECF 96 (citing *Texas v. Holder I*, 2012 WL 13070060, at *4 (Ex. 1)). Secretary Hughs does not conflate the analysis of legislative privilege in *Texas v. Holder I*—the June 5, 2012 order—with an assertion of deliberative process privilege. Instead, Secretary Hughs cites Judge Tatel's analysis of the deliberative process privilege in *Texas v. Holder II*—the three-judge panel's later June 7, 2012 order. The court in that order ruled that the deliberative process privilege applied to an agency's pre-decisional internal communications even when the agency action being discussed was not the central issue in the case. *Texas v. Holder II*, 2012 WL 13070113, at *3 (Ex. 2).

Here, Secretary Hughs claims deliberative process privilege not on communications leading up to a decision about whether to pass legislation, as she, of course, does not pass legislation. Instead, she is claiming deliberative process privilege on documents leading up to other actions that she is statutorily authorized to take, such as providing guidance to counties on how to implement statutes and serving as an informational resource to Texas Legislators. *See* ECF 88. Those internal discussions on what advice and information to ultimately provide "would be seriously undermined if agencies

4

were forced to" have such discussions "in a fishbowl." *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 773 (D.C. Cir. 1988) (en banc). Candid discussions on such issues are needed for the agency to operate most efficiently.

## CONCLUSION

Secretary Hughs requests that the Court reconsider its ruling that she lacks standing to assert legislative privilege to withhold specific documents responsive to Plaintiffs' requests. She also requests that the Court reconsider that she cannot assert deliberative process privilege on decisions other than whether to pass the legislation challenged in this litigation. If the Court is unwilling, Secretary Hughs requests that it certify those questions for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In the alternative, Secretary Hughs asks the Court to clarify whether she must produce the requested documents even in light of the legislators' invocation of legislative privilege.

| | |
|---|---|
| Date: July 17, 2020 | Respectfully submitted. |
| | |
| KEN PAXTON | /s/ Patrick K. Sweeten |
| Attorney General of Texas | PATRICK K. SWEETEN |
| | Associate Deputy for Special Litigation |
| JEFFREY C. MATEER | |
| First Assistant Attorney General | TODD LAWRENCE DISHER |
| | Deputy Chief, Special Litigation Unit |
| RYAN L. BANGERT | |
| Deputy First Assistant Attorney General | MATTHEW H. FREDERICK |
| | Deputy Solicitor General |
| | |
| | WILLIAM T. THOMPSON |
| | Special Counsel |
| | |
| | ERIC A. HUDSON |
| | Special Counsel |
| | |
| | KATHLEEN T. HUNKER |
| | Special Counsel |
| | |
| | MICHAEL R. ABRAMS |
| | Assistant Attorney General |
| | |
| | DOMINIQUE G. STAFFORD |
| | Assistant Attorney General |
| | |
| | OFFICE OF THE ATTORNEY GENERAL |
| | P.O. Box 12548 (MC-009) |
| | Austin, Texas 78711-2548 |
| | Tel.: (512) 936-1414 |
| | Fax: (512) 936-0545 |
| | patrick.sweeten@oag.texas.gov |
| | todd.disher@oag.texas.gov |
| | matthew.frederick@oag.texas.gov |
| | will.thompson@oag.texas.gov |
| | eric.hudson@oag.texas.gov |
| | kathleen.hunker@oag.texas.gov |
| | michael.abrams@oag.texas.gov |
| | dominique.stafford@oag.texas.gov |
| | |
| | **COUNSEL FOR THE TEXAS SECRETARY OF STATE** |

### CERTIFICATE OF CONFERENCE

I certify that on July 15, 2020, I conferred with counsel for Plaintiffs about the foregoing motion and that Plaintiffs are opposed.

/s/ *Patrick K. Sweeten*
PATRICK K. SWEETEN

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 17, 2020, and that all counsel of record were served by CM/ECF.

/s/ *Patrick K. Sweeten*
PATRICK K. SWEETEN