IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2020 SEP -2  PM 4:52
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

| | |
|---|---|
| EMILY GILBY; TEXAS DEMOCRATIC § | |
| PARTY; DSCC; DCCC; AND TERRELL § | |
| BLODGETT, § | |
|       PLAINTIFFS, § | |
| § | |
| V. § | CAUSE NO. 1:19-CV-1063-LY |
| § | |
| RUTH HUGHS, IN HER OFFICIAL § | |
| CAPACITY AS THE TEXAS SECRETARY § | |
| OF STATE, § | |
|       DEFENDANT. § | |

**ORDER ON PLAINTIFFS' REQUESTS FOR "ORDER CONFIRMING THIS COURT'S CONTINUING JURISDICTION" AND FOR "CLARIFICATION REGARDING DEADLINES AND SCHEDULING"**

On August 11, 2020, this court rendered an order that, for the most part, denied two motions by Defendant Ruth Hughs, the Texas Secretary of State, to dismiss Plaintiffs' suit against her. (Doc. #107). Hughs, acting through the Texas Attorney General, promptly appealed that order. (Doc. #108). The attorney general, however, goes farther then simply giving notice of appeal; he schools the court on the jurisdictional meaning of his notice. This lecture by the attorney general is unnecessary, unhelpful, uninvited, and unwanted. The court is aware of the law and will not be baited by the attorney general. Plaintiffs, on the other hand, rise to the bait and assert that the appeal is frivolous. They urge to court to so declare the appeal and proceed forward (Doc. #109).

The court agrees with Plaintiffs that the issues in this case are time sensitive, as the case involves voting procedures to be employed in Texas for the November 3, 2020, general election. The court declines, however, to declare the appeal frivolous. The role of the secretary of state in enforcing Texas's election laws, while seemingly obvious, "[T]he Texas Secretary of State is the chief election officer of the state and is instructed by statute to obtain and maintain uniformity in the

application, operation, and interpretation of [the election] code and of the election laws outside [the election] code," *OCA-Greater Houston v. Texas*, 867 F.3d 604, 613–14 (5th Cir. 2017) (internal quotations and citations omitted), is not as clear as it seems. *See Texas Democratic Party v. Abbott*, 961 F.3d 399–400 (5th Cir. 2020) (discussing Fifth Circuit cases on authority of secretary of state). "Our decisions are not a model of clarity on what constitutes a sufficient connection to enforcement" by the secretary of state to particular provisions of the election code. *Id.* at 400 n.21 (internal quotations and citations omitted).

This court concludes that the circuit court is in the best position to determine its jurisdiction–and, hence, the jurisdiction of this court–at this stage of the proceedings. Plaintiffs are free to raise the frivolity of the appeal with the circuit and move for an expedited determination of that issue and those raised by Hughs in that court.

All deadlines and settings in this case are **VACATED**.

SIGNED this **2nd** day of September, 2020.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE