Case: 20-50683   Document: 00515881878   Page: 1   Date Filed: 06/01/2021



Certified as a true copy and issued as the mandate on Jun 01, 2021

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 7, 2021
Lyle W. Cayce
Clerk

No. 20-50683

TEXAS DEMOCRATIC PARTY; DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE; DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE; EMILY GILBY; TERRELL BLODGETT,

*Plaintiffs—Appellees*,

versus

RUTH HUGHS, IN HER OFFICIAL CAPACITY AS THE TEXAS SECRETARY OF STATE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-1063
USDC No. 1:19-CV-1154

Before HAYNES, GRAVES, and WILLETT, *Circuit Judges*.

JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is REVERSED, and the cause is REMANDED to the

No. 20-50683

District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that Appellees pay to Appellant the costs on appeal to be taxed by the Clerk of this Court.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 7, 2021
Lyle W. Cayce
Clerk

No. 20-50683

Texas Democratic Party; Democratic Senatorial
Campaign Committee; Democratic Congressional
Campaign Committee; Emily Gilby; Terrell Blodgett,

*Plaintiffs—Appellees,*

*versus*

Ruth Hughs, *in her official capacity as the Texas Secretary of State*,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-1063

Before Haynes, Graves, and Willett, *Circuit Judges*.
Don R. Willett, *Circuit Judge*:

Various voters and political organizations sued the Texas Secretary of State seeking to enjoin the enforcement of HB 1888, a state law that bars counties from operating mobile or pop-up early voting locations. The district court denied the Secretary's sovereign immunity defense. We reverse.

No. 20-50683

I

Texas law generally requires counties to conduct early voting at their main county branch offices.[1] Counties may also conduct early voting at other locations.[2] The state statutes classify early voting locations at the main county branch offices as "permanent branch" polling places, while other early voting locations are called "temporary branch" polling places.[3]

In 2019, the Texas Legislature passed HB 1888, which requires a county's "temporary branch" early voting locations to be open for at least 8 hours a day on the same days that the county's main "permanent branch" polling place is open, unless the region holding the election has fewer than 1,000 registered voters.[4] As the Secretary explained in an Election Advisory to county officials, HB 1888 banned mobile or pop-up early voting sites.[5]

Before HB 1888, many counties offered pop-up early voting sites near college campuses and senior living facilities. For example, Tarrant County offered temporary early voting locations at the University of Texas at Arlington and Texas Christian University, Williamson County offered one at Southwestern University, and Travis County offered them at Huston-Tillotson University, St. Edward's University, and Austin Community College. Travis County also set up a pop-up early voting location near the Westminster senior living facility in Austin. After HB 1888, counties curtailed the use of temporary early voting locations. For the 2019 elections,

---

[1] TEX. ELEC. CODE § 85.061.

[2] *Id.* § 85.062.

[3] *Id.* §§ 85.061(c), 85.062(g).

[4] 2019 Tex. Sess. Law Serv. ch. 1085 (West) (codified at TEX. ELEC. CODE § 85.064).

[5] Tex. Sec'y of State, Election Advisory No. 2019-20 (Oct. 9, 2019).

No. 20-50683

Travis County did not offer early voting at the three campuses mentioned above or at the Westminster senior living facility.

In Fall 2019, the Texas Democratic Party, the Democratic Senatorial Campaign Committee, the Democratic Congressional Campaign Committee, the Texas Young Democrats, the Texas College Democrats, Southwestern University student Emily Gilby, and Westminster resident Terrell Blodgett sued the Secretary of State, alleging that HB 1888 violates the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Twenty-Sixth Amendment, and the Americans with Disabilities Act. They sought declaratory relief and an injunction prohibiting the Secretary from implementing or enforcing HB 1888.

The Secretary moved to dismiss on the grounds that sovereign immunity barred the suit, that Plaintiffs lacked standing, and that Plaintiffs failed to state a claim. The district court dismissed the ADA claim but denied the motion in all other respects. The Secretary timely appealed from the denial of sovereign immunity.

II

The plaintiffs asserted subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, and we always have jurisdiction to determine our own jurisdiction.[6] We have appellate jurisdiction over this interlocutory appeal

---

[6] *See Brownback v. King*, 141 S. Ct. 740, 750 (2021).

3

under 28 U.S.C. § 1291 and the collateral-order doctrine.[7] We review the sovereign immunity determination de novo.[8]

## III

The sole issue on appeal is whether this case may proceed under the *Ex parte Young* exception to state sovereign immunity.[9] *Ex parte Young* allows a federal court to enjoin a state official from enforcing state laws that conflict with federal law.[10] To be sued under *Ex parte Young*, the state official must "have 'some connection' to the state law's enforcement and threaten to exercise that authority."[11]

Applying our precedents in this area is no easy task. We have not outlined a clear test for when a state official is sufficiently connected to the enforcement of a state law so as to be a proper defendant under *Ex parte Young*.[12] But we are not writing on a blank slate: A previous panel held that the Secretary lacks a sufficient connection to the enforcement of Texas's early voting statutes. In *Mi Familia Vota v. Abbott*, voters sued the Governor and the Secretary of State over early voting protocols during the COVID-19 pandemic.[13] Relevant here, they challenged the application and enforcement

---

[7] *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993).

[8] *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).

[9] 209 U.S. 123 (1908).

[10] *Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507, 515–16 (5th Cir. 2017).

[11] *Id.* at 517 (quoting *Ex parte Young*, 209 U.S. at 157).

[12] *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) ("This circuit has not spoken with conviction about all relevant details of the 'connection' requirement."); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) ("The precise scope of the 'some connection' requirement is still unsettled . . . ."); *City of Austin*, 943 F.3d at 999 ("What constitutes a sufficient 'connection to [ ] enforcement' is not clear from our jurisprudence.").

[13] 977 F.3d 461, 463–66 (5th Cir. 2020).

No. 20-50683

of Texas Election Code § 85.062, which governs the establishment of temporary branch early voting locations, and § 85.063, which governs the days and hours of voting at permanent branch early voting locations.[14] The panel concluded that the Secretary "has no connection to the enforcement of . . . Texas Election Code §§ 85.062–85.063" because local officials are responsible for administering and enforcing those statutes.[15] Indeed, by statute, a local official (typically the county clerk or city secretary) serves as the "early voting clerk" responsible for conducting the early voting in each election.[16] And the local governing body of the political subdivision (typically the county commissioner's court) is tasked with establishing temporary branch polling places.[17] The Secretary plays no role.[18]

*Mi Familia Vota* controls here. If the Secretary has no connection to the enforcement of § 85.062 or § 85.063, then it follows that she has no connection to the enforcement of HB 1888, as codified in the neighboring § 85.064, which governs the days and hours of voting at temporary branch locations.

Because the Secretary is not sufficiently connected to the enforcement of HB 1888, we need not consider her argument that Plaintiffs are seeking improper relief under *Ex parte Young*.

---

[14] *Id.* at 465–66.

[15] *Id.* at 468.

[16] §§ 83.001, 83.002, 83.005.

[17] § 85.062(a)

[18] The record in this case confirms what the statutes already make clear. In her declaration, the Travis County Clerk attested that she is "responsible for planning and implementing elections within the County, which includes planning for and designating early voting locations throughout the County, subject to approval of all such locations by the Travis County Commissioner's Court" and that "[i]n Texas, the counties are responsible for the costs of running an early voting program."

5

No. 20-50683

IV

We REVERSE the district court's denial of sovereign immunity and REMAND from this interlocutory appeal with instructions to dismiss.

Case 1:19-cv-01063-LY Document 105-1 Filed 06/01/21 Page 9 of 9

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

June 01, 2021

Ms. Jeannette Clack
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 20-50683   TX Democratic Party v. Hughs
                          USDC No. 1:19-CV-1063
                          USDC No. 1:19-CV-1154

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                       Sincerely,

                                       LYLE W. CAYCE, Clerk

                                       */s/ Melissa Mattingly*
                            By: _____
                            Melissa V. Mattingly, Deputy Clerk
                            504-310-7719

cc w/encl:
    Ms. Amanda Beane
    Mr. Todd Lawrence Disher
    Mr. Chad Wilson Dunn
    Mr. Marc Erik Elias
    Mr. John Michael Geise
    Mr. Kevin J. Hamilton
    Mr. Renea Hicks
    Ms. Jyoti Jasrasaria
    Mr. Uzoma Nkem Nkwonta
    Mr. Judd Edward Stone II
    Mr. Patrick K. Sweeten
    Mr. William Thomas Thompson
    Mr. Alexi Machek Velez